## BESSIE STEVENS et al. v. STATE.

No. A-7357.   Opinion Filed July 5, 1930.
Rehearing Denied July 24, 1930.
(289 Pac. 1113.)

C. W. Myers, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, hereinafter referred to as the defendants, were convicted of manufacturing whisky, and each sentenced to pay a fine of $250 and he confined in the county jail for a period of 90 days.  From the judgment, the defendants appealed to this court.

The testimony on behalf of the state, in substance, shows that two witnesses, W. P. Lindsay and H. O. Brown, went to defendants' home and found on the cook stove of the home a little still which they claim was in operation, from which whisky was running; the defendant Joseph E. Stevens was not at home; the wife of the defendant and some children were there; they stated they searched the defendants' home under and by virtue of a search warrant, but there is nothing to show they had a search warrant, except the statement of the witnesses W. P. Lindsay and H. O. Brown.  W. P. Lindsay stated he had a search warrant and that he gave a copy to Mrs. Stevens, and, when asked the following question, gave the following answer:

"Q. Did Brown have the search warrant or did you have the search warrant? A. I don't know which one had the search warrant; we had one and she asked me what it was, and I think I read it to her."

H. O. Brown testified that Lindsay delivered the search warrant to her (meaning Mrs. Stevens) ; "I think Lindsay made the application and got the search warrant. I don't know what court issued the search warrant." He was then asked the following question and gave the following answer:

"Q. Did you see Mr. Lindsay deliver a copy of the search warrant to Mrs. Stevens when he went in? A. No, sir, but it is always customary."

Bessie Stevens testified that neither of the officers told her they had a search warrant, or delivered a copy of the warrant to her; both the defendants deny they had anything to do with the still or mash the officers found in the house, but claim that some other man who had been living there at the house brought the still there and set it up.

There is no conflict in the testimony that the still was found at the defendants' home and that it was in operation; the only conflict being that the defendants had anything to do with it. The defendant Joseph E. Stevens was not at home, and shows to have been working at his trade as paper hanger at the time the officers claim to have found the still in his house; the defendant Bessie Stevens admits she knew the still was in the house; that she had objected to the man who was staying there keeping it.

The defendants contend that the state failed to prove venue. This contention is without merit, both the defendants testify they were living in Oklahoma City, giving

the number of the street in Oklahoma City, which is in Oklahoma county, at the time their residence was searched.

The record discloses that the testimony of Bessie Stevens shows that the officers did not serve a copy of the search warrant on her when they came to her home, and the testimony of the two officers, while they state in one breath positively that they did serve a copy of the search warrant, the witness Lindsay is not sure that he did, and the witness Brown knows nothing about the warrant being served, as he was on the other side of the house when Lindsay went into the building. The defendant Joseph E. Stevens denies any knowledge of the still being in the house, and was at work at his trade when the raid on the house was made. Where the residence of an individual is searched by an officer, the officers should be definite and certain as to whether or not they did serve a search warrant when they entered the home, and as to whether or not they served the search warrant as provided by law. In this case the witness Lindsay testified he served the warrant but can't tell how or when he did it.

The defendants assign 11 errors alleged to have been committed by the trial court. It is urged by the defendants that the venue was not proven, that the state did not show the offense was committed in Oklahoma county, and therefore the judgment against them should be set aside on that ground. At the close of the state's testimony the defendants demurred to the evidence of the state, on the ground that the testimony of the state was insufficient to prove the offense charged against the defendants, or that any other offense had been committed by the defendants. This demurrer was overruled, and the defendants duly excepted.

The defendants insist that the court erred in giving instruction 10. Instruction 10, as given by the court, was

liable to mislead the jury in its action, but under the record in this case it is not sufficient to justify a reversal of this case. The testimony is sufficient to sustain a conviction, and the defendants' demurrer was properly overruled.

In view of the testimony of the prosecuting witnesses as to their serving the search warrant, and in view of the facts disclosed by the witness Bessie Stevens that no search warrant was served, we feel that the punishment inflicted on Bessie Stevens is greater than the facts warrant, and the judgment and sentence as to Bessie Stevens is modified from 90 days in jail and $250 fine to 30 days in jail and $100 fine, and, as modified, is affirmed.

The judgment against Joseph E. Stevens is affirmed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.